**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MADELINE SALCEDO,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:11-cv-738-Orl-28DAB**

**CHARTER OAK FIRE INSURANCE COMPANY,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO REMAND (Doc. No. 7)**
>
> **FILED:** May 13, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Against a background of highly unusual facts, Plaintiff seeks to remand this action following removal by Defendant. For the reasons set forth herein, the Court recommends denial of the motion.

*Factual Background*

According to the papers of record, in December 2007, Plaintiff brought a personal injury action in state court (Case No. 07-CA-5679) against B&T Medical Center, LLC (herein "B&T") (Doc. No. 7-1). B&T is a Florida limited liability company that, at all times relevant, was insured by Charter Oak Fire Insurance Company. Charter (Defendant here) was not named a defendant in the Complaint filed in Case No. 07-CA-5679.

Plaintiff and B&T subsequently entered into a Settlement Agreement and Assignment (Doc. No. 7-2), whereas those parties agreed to allow "Judge Kest"[1] to conduct a bench trial on the issue of damages and enter judgment against B&T, but Plaintiff agreed not to execute on the judgment against Defendant B & T, and:

> Instead, **the Defendant** will file suit against Charter as a result of the denial of coverage. The Plaintiff consents and agrees that she will seek satisfaction of the Judgment only from the proceeds which **the Defendant** may collect in such lawsuit against Charter. If **Defendant is then unsuccessful in its attempts to collect the amount of the Judgment from Charter**, the Defendant shall be in no way obligated to pay the Judgment.
>
> 3. The Defendant, does hereby assign to the Plaintiff any and all judgments, settlements, proceeds that **the Defendant may obtain against Charter**, as well as any other person, or entity responsible for the refusal of Charter to provide coverage and a defense, including but not limited to any and all claims for coverage, fees, costs and interest under the insurance policy.
>
> 4. The assignment shall be up to and including the full amount of the Judgment entered by the Court, plus any interest, costs or attorneys fees that may lawfully accrue thereon including any attorney fees and costs which Defendant would have otherwise been entitled to recover from Charter.
>
> 5. The parties further agree that if **the Defendant** is successful in its attempt to collect the Judgment from Charter, and/or any other person or entity responsible for coverage, the Plaintiff will execute a Satisfaction of Judgment and record such Satisfaction of Judgment in the Official Records of Osceola County.

(Doc. No. 7-2-emphasis added).

A non-jury trial was held on February 8, 2010, before Judge Stroker and, on February 9, 2010, a verdict[2] and Final Judgment was entered in Plaintiff's favor and against B&T in the amount of $189,000.00 (Doc. No. 12-1 – state court docket). According to the docket sheet, the 07-5679 case was closed as "disposed by judge" on February 9, 2010 (Doc. No. 12-1).

---

[1] It is interesting that the Agreement mentions Judge Kest by name. As will be seen, this matter progressed through a variety of state court judges. Notably, Judge Kest did not, in fact, preside over the non-jury trial on damages.

[2] The parties do not explain how a verdict was issued in a bench trial. Although the docket sheet reflects that one was entered, the actual verdict is not an exhibit in this case.

On February 18, 2010, nine days *after* Final Judgment had been entered and the case closed, Plaintiff moved for leave to amend the Complaint to add Charter as a defendant (Doc. No. 7-3). Despite the fact that judgment had already been entered in February against the only defendant of record on the only claim presented in the Complaint, Judge Margaret Waller granted the motion in April 2010, and gave Plaintiff leave to amend her complaint to add Charter (Doc. No. 7-4). Plaintiff then filed an Amended Complaint against both B&T[3] and Charter, and served Charter with the Amended Complaint on April 21, 2010 (Doc. Nos. 7-5 and 7-6).

On June 9, 2010, Charter filed a Motion to Dismiss the Amended Complaint, asserting, among other things, that the state court was without jurisdiction to allow amendment following entry of final judgment (Doc. No. 7-8). Judge Waller[4] heard the motion at argument on July 26, 2010, and, on August 17, 2010, issued a one page Order which reads, in its entirety:

> ORDER ON DEFENDANT, CHARTER OAK FIRE INSURANCE COMPANY'S
> MOTION TO DISMISS
>
> This Cause having come before the Court on Defendant, Charter Oak Fire Insurance Company's, Motion to Dismiss on July 26, 2010, it is hereby:
>
> ORDERED AND ADJUDGED:
>
> 1. Pursuant to Rule 1.250, the action against Charter Oak Fire Insurance Company shall be severed and shall proceed separately.
>
> 2. The Clerk shall open a new case assigning a new case number to the matter to be known as Madeline Salcedo v. The Charter Oak Fire Insurance Company.
>
> 3. The Plaintiff shall file an Amended Complaint within 20 days of receipt of the Court's signed Order.

---

[3] Although Plaintiff had already secured a judgment against B&T, she sued B&T again and pled the identical cause of action against it.

[4] Plaintiff states that Judge Waller heard the motion, but the docket sheet reflects that Judge Stroker held the hearing (Doc. No. 12-1). The identity of the judge is not dispositive here, so the Court accepts the representation that it was Judge Waller who held the hearing.

      DONE AND ORDERED in Chambers in Kissimmee, Osceola County, Florida, this __ day of August, 2010.

      The Honorable Margaret T. Waller

(Doc. No. 7-8).[5]

Plaintiff *did not* file an Amended Complaint within 20 days of receipt of that Order. Rather, as Plaintiff puts it:

> Counsel for Plaintiff then contacted the Clerk of Court in order to obtain a new case number in which to file the amended complaint. When the Clerk of Court informed Plaintiff that they were unable and unaware of how to do this, Plaintiff, Madeline Salcedo, filed **a new Complaint** in Madeline Salcedo v. The Charter Oak Fire Insurance Company (Case No. 11 CA984-CI) on March 18, 2011.

(Doc. No. 7– emphasis added).

Following service of the instant Complaint, Charter filed a Notice of Removal based on diversity jurisdiction (Doc. No. 1). Plaintiff now moves to remand.

### *Standards of Law*

It is well established that removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1094 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). Furthermore, any doubt as to proper subject matter jurisdiction should be resolved against removal. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc.* 269 F.3d 1316,

---

[5]Both Plaintiff and Defendant state in their papers that Judge Waller denied the motion to dismiss. This Court sees no such denial. Indeed, by requiring Plaintiff to replead against only Charter in a separate action, it appears that the state court did effectively dismiss the Amended Complaint and agreed that it had no jurisdiction in that case over Charter. Regardless, it is clear that the case against Charter was not to proceed in the closed 07-5679 case.

1319 (11th Cir. 2001).  When the defendant fails to do so, the case must be remanded. *Williams*, 269 F.3d at 1321.

Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. *See Owen Equip. and Recreation Co. v. Kroger,* 437 U.S. 365,  98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). In order to achieve complete diversity no party plaintiff may be a citizen of the same state as any of the defendants. *Owen Equipment,* 437 U.S. at 373.  For diversity purposes, a corporation is a citizen of (1) its state of incorporation; and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).  Although a company may conduct business in multiple places, the Supreme Court has determined that "principal place of business" for a corporation is its nerve center: " the place where a corporation's officers direct, control, and coordinate the corporation's activities ."  *Hertz Corp. v. Friend*, --- U.S. ----, 130 S.Ct. 1181, 1192- 93, 175 L.Ed.2d 1029 (2010 ) (establishing "nerve center" test as uniform approach for determining corporate citizenship).  By contrast, a limited liability company or partnership is a citizen of any state of which a member is a citizen.  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004).

In addition to the requirements of diversity jurisdiction, the removing party must follow the appropriate procedures for removal.  *See* 28 U.S.C. § 1446.

### *Issues and Analysis*

According to the Notice of Removal (Doc. No. 1), Plaintiff is a Florida citizen and Defendant Charter is a foreign corporation organized under the laws of Connecticut, and with its principal place of business there.  The amount in controversy is not in dispute, as the removed Complaint  seeks to enforce the judgment of $189,000.00 against B&T through a breach of contract action pled against Charter (*see* Doc. No. 3).

Plaintiff contends that the case should be remanded as: 1) removal is time barred by 28 U.S.C. § 1446(b); and 2) the "direct action" rule of 28 U.S.C. § 1332(c)(1) makes Charter's citizenship the same as its insured (B&T), which destroys diversity.  Plaintiff also asserts that the remand order should include an award of attorney's fees and costs, under 28 U.S.C. § 1447(c).  Upon careful review, the Court is unpersuaded.

**Section 1446(b)**

28 U.S.C § 1446(b) provides, in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).  Plaintiff contends that this provision bars removal here in that: 1) "Plaintiff commenced this action against [Charter] on February 17, 2010"; and 2) "The amended complaint which added the insurance company defendant was served on the defendant on April 21, 2010." (Doc. No. 7 at 4).  From the foregoing factual background, however, the first statement is inaccurate and the second statement is irrelevant.

Simply put, Plaintiff did not commence *this* action against Charter on February 17, 2010, as claimed.  *This* action was commenced when, as Plaintiff states, she "filed **a new Complaint** in Madeline Salcedo v. The Charter Oak Fire Insurance Company **(Case No. 11 CA984-CI)** on March 18, 2011." (Doc. No. 7– emphasis added).

Moreover, the fact that an Amended Complaint adding Charter was served in Case No. 07-CA-5679 is of no moment here.  Charter did not remove the Amended Complaint in Case No. 07-CA-5679 or, indeed, any pleading at all in Case No. 07-CA-5679. Even if the state court had jurisdiction to allow the post-final judgment filing of an Amended Complaint adding a new party and cause of action

without vacating or altering the final judgment in that case,[6] the Amended Complaint subsequently filed in that closed case was effectively dismissed, in favor of leave to file an Amended Complaint in a new case within 20 days of the August 2010 Order. Importantly, Plaintiff never complied with that provision of the state court's Order. Rather, Plaintiff waited seven months[7] and then filed a new "Complaint" (not an Amended Complaint) with a new case number in a new case, and had it served by process server on Charter. It is this new Complaint in this new case that was removed. Removal of the only "case" or "action" at issue is timely here.

### Direct Action rule

Plaintiff next asserts that 28 U.S.C. § 1332( c )(1) applies to defeat diversity of the parties. This section states, in relevant part:

> (c) For the purposes of this section and section 1441 of this title-
> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business ; * * *

28 U.S.C. § 1332(c)(1).

Here, Plaintiff is alleged to be a citizen of Florida. Charter is an insurer and its insured (B&T) is not joined in this action as a party-defendant. Thus, if this action is a "direct action," the Florida citizenship of the insured will be imputed to Charter, destroying diversity. At issue, then, is the meaning of the term "direct action."

---

[6] A conclusion which seems doubtful in view of *DiPalo v. Rollins Leasing Corp.,* 700 So. 2d 31 (Fla. 5th DCA 1997), *but see* Fla. Stat. § 627.4136(4).

[7] Plaintiff's odd contention that she did not comply with the August 2010 order because the clerk of the Ninth Judicial Circuit state court was "unable and unaware of" how to open a new case is unpersuasive. The Court takes judicial notice of the fact that the Ninth Judicial Circuit Court of Florida, "receives, on average, over 590,000 new cases each year." http://www.ninthcircuit.org/about/overview.shtml. If the Plaintiff needed action from the Clerk, the presiding judge was available to give further direction.

Plaintiff does not address this statutory provision at length in her motion, save to quote it and cite to the general principle that removal statutes should be strictly construed. (Doc. No. 7 at 6-7). The term "direct action" has been defined by the Eleventh Circuit, however, and interpreted recently by this District Court.

> "[C]ourts have uniformly defined the term 'direct action' as used in this section as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him."

*Fortson v. St. Paul Fire and Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir.1985) (quoting *Beckham v. Safeco Ins. Co.*, 691 F.2d 898, 901–02 (9th Cir.1982)).  "We hold that unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." *Id.* at 1159 (*citing Walker v. Firemans Fund Ins. Co.*, 260 F.Supp. 95, 96 (D. Mont.1996)).  Thus, "if the cause of action is based on the insurer's duty and not the insured's duty, the action is not a direct action." *Jennings Const. Services Corp. v. Ace American Ins. Co.,* 2011 WL 1357689, 2 (M.D. Fla. Mar. 16, 2011) (*citing Fortson).* In that situation, the Court is limited to examining the insurance company's state of incorporation or principal place of business. *Id.*

Applied here, the Complaint alleges that "This is not a claim for bodily injury or personal injury" (Allegation 8), and asserts a one count claim for "breach of insurance contract" based on an alleged assignment of the "rights of B&T . . . under the contract between them and the insurer.") (Allegation 14).[8] Plaintiff could not have brought such a suit directly against Charter without joining B&T or first obtaining, as she did here, a judgment against B&T. This is not a "direct action," as it is not "a separate and distinct cause of action against the insurer which an injured party may elect in

---

[8] The Court notes that the terms of the assignment as quoted above do not appear to assign the cause of action to Plaintiff, but specifically provide that *B&T* will institute a suit against Charter. While this might have implications for Plaintiff's standing to sue, it is not relevant for present purposes.

-8-

lieu of his action against the tortfeasor." *Biggin v. RLI Ins. Co.,* 2006 WL 462669, 2 (M.D. Fla. Feb. 27, 2006) (breach of contract claim under assignment of rights for failure to defend and indemnify not a direct action), quoting *Lumberman's Mut. Cas. Co. v. Elbert*, 348 U.S. 48, 51, 75 S.Ct. 151, 99 L.Ed. 59 (1954). *See also Jennings Const. Services Corp. v. Ace American Ins. Co., supra,* 2011 WL 1357689, 2, report and recommendation adopted by Judge Antoon, 2011 WL 1365020 (M.D. Fla. April 11, 2011) (not direct action where cause of action brought by assignee of putative insureds was "based on Ace's duty, not any duty of Croson or Kaiser, and is therefore not a direct action under *Fortson*"); *Kong v. Allied Professional Ins. Co.,* 2008 WL 2741970, 3 (M.D. Fla. July 10, 2008).

As this is not a direct action, the provision does not defeat diversity jurisdiction. As there are no grounds to order remand here, Plaintiff is not entitled to an award of attorney's fees and costs for improvident removal.

It is **respectfully recommended** that the motion to remand be **denied.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 14, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy