UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MADELINE SALCEDO,   CASE NO.: 6:11-CV-738-ORL-28-DAB

    Plaintiff(s),

vs.

THE CHARTER OAK FIRE
INSURANCE COMPANY,

    Defendant(s).
_____/

## DEFENDANT'S MOTION FOR JUDGEMENT ON THE PLEADINGS AND INCORPORATED MEMORANDUM OF LAW

Defendant, THE CHARTER OAK FIRE INSURANCE COMPANY (hereinafter "CHARTER OAK") by and through the undersigned counsel, submits its Motion for Judgment on the Pleadings and Incorporated Memorandum of Law to show the Court the following:

### I. Procedural History

It is undisputed that Plaintiff filed a one-count complaint in the Ninth Judicial Circuit in and for Osceola County, Florida against B & T Medical Center, arising from an alleged sexual assault on December 6, 2007 (Case No. 07-CA-5679). Plaintiff alleged that massage therapist Andre Fernandez sexually assaulted her and tried to rape her while "working in the course and scope of his employment with B & T Medical Center." Plaintiff and B & T Medical Center litigated the

underlying negligence complaint without the participation of defendant, CHARTER OAK, who denied liability coverage on the basis that the underlying act and B & T Medical Center's alleged wrongful supervision were excluded by provisions in the policy.

After continuing to litigate the case for nearly two years, Plaintiff and B & T Medical Center filed a Settlement Agreement and Assignment with the court on September 18, 2009. The Settlement Agreement and Assignment memorialized an agreement between Plaintiff and B & T in which:

1. The parties agreed that "although the Judgment shall remain in existence and [B & T] shall remain liable on the Judgment, the Plaintiff will not execute or attempt to execute on [B & T]. Instead [B & T] will file suit against Charter as a result of the denial of coverage. The Plaintiff consents and agrees that she will seek satisfaction of the Judgment only from the proceeds which the [B & T] may collect in such lawsuit against Charter. If [B & T]is then unsuccessful in its attest to collect the amount of the Judgment from Charter, [B & T] shall be in no way obligated to pat the Judgment. (Doc. No 3-8).

2. The parties further agreed that "[B & T] does herby assign to the Plaintiff any and all judgments, settlements, proceeds that [B & T] may obtain against Charter, as well as any other person, or entity responsible for the refusal of Charter to provide coverage and a defense, including but not limited to any and all claims for coverage, fees, costs and interest under the insurance policy." See Paragraph No. 4, Settlement Agreement and Assignment filed with this Court. (Doc. No 3-9).

Defendant, CHARTER OAK does not dispute the authenticity of said Settlement Agreement and Assignment.

Pursuant to the Settlement Agreement and Assignment, a bench trial for damages was held in front of the Honorable Judge Stroker on January 27, 2010. The Honorable Judge Stroker entered a Verdict and Final Judgment in favor of Plaintiff pursuant to the terms of the parties' Settlement Agreement and Assignment on February 9, 2010 in the amount of $189,000.00 (Doc. No 12-1 – state court docket).

Plaintiff, **not B & T Medical Center**, subsequently initiated suit against Defendant, CHARTER OAK in an attempt to collect the Judgement from Charter, first by seeking to add CHARTER OAK as a party to her original action against B & T Medical Center after the judgment in a new, previously un-plead breach of contract claim against CHARTER OAK in state court (Case No. 07-CA-5679) on April 21, 2010 (Doc. Nos. 7-3, 7-4, 7-5 and 7-6). Upon CHARTER OAK's Motion to Dismiss, the Honorable Judge Margaret T. Waller ordered Plaintiff to file an Amended Complaint to sever CHARTER OAK from the underlying matter. ((Doc. No 7-8). Plaintiff ultimatly filed the instant complaint on April 1, 2011, which was removed to Federal Court (Doc. No. 1).

In the instant complaint, Plaintiff alleged a single count cause of action for Breach of Insurance Contract against CHARTER OAK. Specifically, Plaintiff has declared that there was coverage for Plaintiff's injuries under the B & T Medical Center/CHARTER OAK insurance policy and that CHARTER OAK breached its

contract of insurance for failure to satisfy the $189,000.00 judgment Plaintiff received against B & T Medical Center (Doc. No. 3). Plaintiff also specifically alleged that B & T Medical Center's rights under their insurance contract with CHARTER OAK were assigned to her through the Settlement Agreement and Assignment of Benefits, and Plaintiff attached and incorporated the same to her complaint (Doc. No. 3-8 to 3-13).

## II. Issues Presented

The plain meaning of the Settlement and Assignment of Benefits Plaintiff attached and incorporated into her complaint as the basis for her standing to sue explicitly states that B & T Medical Center would file suit against CHARTER OAK as a result of the denial of coverage, and only assigned Plaintiff the right to enforce her Judgment against the *proceeds* of litigation between B & T and CHARTER OAK, if any. Therefore Plaintiff, MADELINE SALCEDO, does not have standing to sue CHARTER OAK for its purported breach of insurance contract with B & T Medical Center, and Judgment on the Pleadings should be granted to CHARTER OAK.

## III. Standard of Review

Judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) "is appropriate when there are no material facts in dispute, and judgment may be entered as a matter of law, and judgment may be rendered by considering the substance of the

pleadings and any judicially noticed facts." *Howthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir.1998); *see also* 5A Wright & Miller, Fed. Prac. & Proc. § 1367, at 509-10 (2d ed.1990). Thus, to obtain a judgment on the pleadings, the moving party must clearly establish that no material issue of fact remains unresolved and that it is entitled to judgment as a matter of law. *See Bryan Ashley Int'l. Inc. v. Shelby Williams Indus., Inc.*, 932 F.Supp. 290, 291 (S.D.Fla.1996). Moreover, the court must view the facts presented in the pleadings, and all inferences drawn thereof, in the light most favorable to the non-moving party. *See Budget Rent-a-Car Systems, Inc. v. Hirsch*, 810 F.Supp. 1253, 1255 (S.D.Fla.1992). The standard of review for Rule 12(b)(6) and Rule 12(c) motions are identical. *See Bryan Ashley*, 932 F.Supp. at 291. A motion for judgment on the pleadings may be made at any time after the pleadings are closed, but within such time as not to delay the trial. *See* Fed.R.Civ.P. 12(c); Wright & Miller, Fed. Prac. & Proc . § 1367, at 511-12. The Court will consider the pleadings closed after there has been a complaint and an answer. *See Hallberg v. Pasco County, Fla.*, No. 95-1354-CIV-T-17A, 1996 WL 153673, at *2 (M.D. Fla. Mar 18, 1996). In considering a Rule 12(c) motion, the Eleventh Circuit held that the "incorporation by reference" doctrine applies, and the court may consider a document attached to a pleading without converting the motion into one for summary judgment if the attached document is (1) central to a claim and (2) undisputed in the sense that the

authenticity of the document is not challenged. *Horsley v. Feldt,* 304 F.3d 1125, 1134-35 (11th Cir.2002).

### IV. Analysis

In order to have an interest in the subject of the litigation, and thereby have standing to sue CHARTER OAK, the Plaintiff must have an assignment of benefits executed in its favor by the insured, B & T Medical Center that assigns her B & T Medical Center's right to sue CHARTER OAK. An assignment is defined as "a transfer or setting over of property or of some right or interest therein, from one person to another. It is the act by which one person transfers to another, or causes to vest in another, his right of property or interest therein." *State Farm Fire and Casualty Company v. Ray,* 556 So.2d 811 (Fla. 5th DCA 1990), citing Assignments § 1, 4 Fla. Jur. 2d (1978). In Florida, an insurance policy may or may not be assignable, depending on the terms of the policy, and there is no restriction on assignability by specific type of policy (e.g. life, health, homeowners, etc.). *See* Fla. Stat. Ann. § 627.422. As an assignee, one may enforce payments or the performance of an obligation due under an assigned contract. *Boulevard National Bank of Miami v. Air Metal Industries, Inc.,* 176 So.2d 94 (Fla. 1965).

In the instant action, Plaintiff has asserted that she has such an assignment that transfers B & T Medical Center's rights and benefits under its CHARTER OAK policy to her, which gives rise to her standing to sue CHARTER OAK for

breach of insurance contract, therefore, we must turn to the terms of the Settlement and Assignment of Benefits in order to determine whether Plaintiff was assigned the right to sue CHARTER OAK. Under Florida Law, contract interpretation begins with a review of the plain language of the agreement because the contract language is the best evidence of the parties' intent at the time of the execution of the contract. *Royal Oak Landing Homeowner's Ass'n, Inc. v. Pelletier*, 620 So.2d 786, 788 (Fla. 4th DCA 1993). *See also Tranchant v. Ritz Carlton Hotel Co., LLC*, 2:10-CV-233-FTM-29, 2011 WL 1230734 (M.D. Fla. Mar. 31, 2011) In construing the language of a contract, courts are to be mindful that "the goal is to arrive at a reasonable interpretation of the text of the entire agreement to accomplish its stated meaning and purpose." *Delissio v. Delissio,* 821 So.2d 350, 353 (Fla. 1st DCA 2002). A plain reading of the Settlement Agreement and Assignment Plaintiff incorporated into her complaint demonstrates four separate places in the document where the right to sue CHARTER OAK is explicitly reserved to B & T Medical Center; to wit:

> "Instead the Defendant [B & T Medical Center] will file suit against Charter as a result of the denial of coverage." (Doc. No 3-8).

> "The Plaintiff consents and agrees that she will seek satisfaction of the Judgment only from the proceeds which the Defendant [B & T Medical Center] may collect in such lawsuit against Charter." (Doc. No 3-8 and 3-9).

> "The Defendant [B & T Medical Center], does hereby assign to the Plaintiff any and all judgments, settlements, proceeds that the

> Defendant [B & T Medical Center] may obtain against Charter…" (Doc. No 3-9).

> "The parties further agree that if the Defendant is successful in its attempt to collect the Judgment from Charter…." (Doc. No 3-9).

The only right expressly granted to Plaintiff under the purported assignment is choice of counsel to represent B & T Medical Center. (Doc. No 3-10). Accordingly, the language in the purported assignment is clear evidence of the party's intent that B & T Medical Center, not Plaintiff, initiate a cause of action against CHARTER OAK for the alleged breach of insurance contract.

Under Florida law, "only one person or entity can possess standing to bring forth a claim where an assignment of benefits has been executed." *Oglesby v. State Farm*, 781 So.2d 469 (Fla. 5th DCA 2001). The Fifth District held in *State Farm Fire and Cas. Co. v. Ray* that:

> "an assignee may enforce payments or the performance of an obligation due under an assigned contract. Because an unqualified assignment transfers to the assignee all the interest of the assignor under the assigned contract, the assignor has no right to make any claim on the contract once the assignment is complete, unless authorized to do so by the assignee." 556 So.2d 811, 813 (Fla.App. 5 Dist.,1990).

The party that owns the cause of action must be the party to bring the cause of action if one is to be brought. The Settlement Agreement and Assignment that Plaintiff incorporated into her complaint does **not grant plaintiff the right to sue CHARTER OAK**. Even when taken in the light most favorable to the Plaintiff, the Settlement Agreement and Assignment explicitly contemplates B & T Medical

Center filing suit against CHARTER OAK in four separate places, and *only* assigns Plaintiff the right to enforce her judgment against the *proceeds* of litigation between B & T Medical Center and CHARTER OAK. *supra.* Therefore, B & T Medical Center "owns" the cause of action against CHARTER OAK, and Plaintiff does not have standing to sue CHARTER OAK, and CHARTER OAK is entitled to judgment as a matter of law.

## V. Conclusion

WHEREFORE, Defendants respectfully requests that this Honorable Court grant CHARTER OAK's Motion for Judgment on the Pleadings, along with such other relief this Honorable Court deems in the interest of justice.

RESPECTFULLY SUBMITTED, this 28th **day of December 2011**.

> LUKS, SANTANIELLO,
> PETRILLO & JONES
> Attorneys for Defendant
> 255 South Orange Avenue
> Suite 750
> Orlando, FL 32801
> Telephone: (407) 540-9170
> Facsimile: (407) 540-9171
>
> By: **/s/ Katherine N. Kmiec**
> PAUL S. JONES, ESQUIRE
> Florida Bar No.: 149550
> psj@ls-law.com
> KATHERINE N. KMIEC, ESQUIRE
> Florida Bar No.: 555290
> kkmiec@ls-law.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF Filing System to Carlos R. Diez-Arguelles, Esq., Diez-Arguelles & Tejedor, P.A., 505 N. Mills Ave., Orlando, FL 32803 this <u>28th</u> day of December, 2011.

                                                LUKS, SANTANIELLO,
                                                PETRILLO & JONES
                                                Attorneys for Defendant
                                                255 South Orange Avenue
                                                Suite 750
                                                Orlando, FL 32801
                                                Telephone: (407) 540-9170
                                                Facsimile: (407) 540-9171


                                                By: **/s/ Katherine N. Kmiec**
                                                PAUL S. JONES, ESQUIRE
                                                Florida Bar No.: 149550
                                                psj@ls-law.com
                                                KATHERINE N. KMIEC, ESQUIRE
                                                Florida Bar No.: 555290
                                                kkmiec@ls-law.com